**ALD-228**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1979
_____

RONALD JACKSON,
                                        Appellant

v.

SECRETARY PA DEPT OF CORRECTIONS; DAVID DIGUGLIELMO;
DARINA VARNERI; MARY CANINO; CAPT. SPAGONETTI;
JEROME STRICKLAND; KIM ULSEY; KAY MILLER; MICHAEL SPENCER;
DENNIS WHITE; LT. VERROSKI; JAMES DAY; SGT. HOLSEY; SGT. CURRAN;
SGT. GUIDO; CO. M.R. MCCLINE, JR.; CO. LYON; CO. BISSELL;
SHAN; CO. LAURIE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No.10-cv-03636)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed    July 21, 2011  )
_____

OPINION
_____

PER CURIAM

        Ronald Jackson appeals from the order of the United States District Court for the

Eastern District of Pennsylvania dismissing his complaint. We will affirm.

Jackson filed a civil action in District Court by filing a complaint against twenty defendants, naming the Secretary of the Pennsylvania Department of Corrections and nineteen officers and employees of the State Correctional Institution-Graterford.[1] The District Court granted Jackson's application to proceed in forma pauperis and dismissed the complaint pursuant to 28 U.S.C. § 1915(e), with leave to file an amended complaint within thirty days. The District Court instructed Jackson to describe in his amended complaint, as clearly and briefly as possible, the specific events that violated his constitutional rights, the identities of the persons involved in his claims, and the harm he suffered, if any, from each violation. Jackson requested additional time to file his amended complaint, which the District Court granted, allowing Jackson approximately one additional month beyond the original deadline.

Jackson filed a "Motion With Leave To File An Amended Complaint," with a proposed amended complaint and supporting documents attached. Jackson later filed a document titled "Plaintiff's Order To Show Cause For Preliminary Injunction." On March 18, 2011, the District Court entered a dismissal order, finding that the amended complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, and noting that the proposed complaint consisted of "53 pages of rambling complaints, handwritten, single spaced, and in many instances difficult if not impossible to read." The District Court also noted that the "Plaintiff's Order To Show Cause" must be

---

[1] The complaint was partially on a complaint form and partially handwritten, and the document spanned about thirty pages.

dismissed insofar as it was based upon the motion for leave to file and the amended complaint.

Jackson appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal of the complaint.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  However, we review the District Court's dismissal of a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure for an abuse of discretion.  See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

Upon review of the record, and holding Jackson's amended complaint to less stringent standards in light of his pro se status, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we agree with the District Court that the amended complaint failed to comply with Rule 8.  The amended complaint consists of approximately fifty pages of rambling allegations, presented mostly in single-paragraph style, often with each paragraph spanning several pages.[2]  As the District Court noted, most of the document appears in handwriting that is unreadable in many instances.  The amended complaint lacks "a short and plain statement" of the court's jurisdictional grounds, and of the claim showing entitlement to relief, see Fed. R. Civ. P. 8(a), and the allegations are not "simple, concise, and direct," see Fed. R. Civ. P. 8(d)(1).  Accordingly, we conclude that the District Court did not abuse its discretion in  dismissing Jackson's amended complaint and the related pending matters.

---

[2] The accompanying "Motion With Leave To File An Amended Complaint" is presented in similar style and length.

3

We will affirm the District Court's order because this appeal does not present a substantial question.  <u>See</u> 3d Cir. LAR 27.4.